IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER MAE THOMAS,

      Plaintiff,

v.                                                                       No. 1:24-cv-00123-MV-KK

ALEXANDRA C. NARANJO,
DANIELLE VALDEZ,
ANGELICA ATENCIO,
MARY CARMACK-ALTWIES,
A. SANCHEZ,
JOSEPH MADRID
ESPANOLA SHERIFF DEPARTMENT,
POJOAQUE PUEBLO POLICE,
FNU TRUJILLO,
FNU CHAMA,
FNU LUJAN,
FNU ARCHULETA, and
NATHAN BOOKER,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Complaint for Violation of Civil Rights (Prisoner Complaint)." Doc. 1 ("Complaint"). Where the form Complaint prompts plaintiffs to describe the events giving rise to their claims and to state the facts underlying their claims, Plaintiff wrote: "Illegal warrant. Failed to clear. Impede my travel. Assault. Kidnap. . . Southbound travel, also from home . . . ASSAULT. KIDNAP. DETENTION. Property damage to automobile window to detain me." *Id.* at 4-5 (emphasis in original). Where the form Complaint prompts plaintiffs to identify the rights plaintiffs are claiming were violated, Plaintiff wrote:

> My right to due process. My right to travel. I was assaulted, kidnapped and falsely imprisoned "Bill of Rights" . . . My "Bill of Rights[:]" my right to due process my right to travel and Title 42, Title 18 U.S.C.A., Title 28 U.S.C.A & additional NM constitution penal codes[,] 18 USCA 241 & 242[,] unnecessary Restraint, Attempted Coercion Unfounded Accusations, Unlawful Detention Destruction, Deprivation, Defacing

*Id.* at 3-4.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff as follows:

> The Complaint should be dismissed for failure to state a claim upon which relief can be granted. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). There are no allegations in the Complaint describing what each Defendant did to Plaintiff.

Doc. 3 (Order for Amended Complaint) at 2. Judge Khalsa ordered Plaintiff to file an amended complaint. *See id.* at 4. Judge Khalsa also ordered Plaintiff to either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. *See id.*

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 4 ("Application"). The Court grants Plaintiff's Application because Plaintiff signed an affidavit stating that she is unable to pay the costs of these proceedings, and because her Application states that she does not have any income. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) ("An affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.").

Plaintiff filed an Amended Complaint, which provides the following factual background:

> I am the caregiver for my mother who is 69, diagnosed bi-polar & refuses to take her medication as directed and is also an alcoholic. She has repeatedly made false reports for many years to get attention. There have been many calls and the police always said if they had to come back, they were taking someone to jail. I feel as if this whole situation is retaliation because I am claiming my rights. I have stated

> that I am being violated under the color of law, but these officers and judges are still attempted to access my trust account. I do not give them permission. But they still try.

Doc. 5 ("Amended Complaint") at 2. Plaintiff also makes the following allegations:

> I was kidnapped, detained and imprisoned. Twice. . . . I demanded to be brought straight to a judge by officer A. Sanchez and the other sheriffs/officers with him. I informed them they were violating my 6th Ammendment [sic] Rights, also violating my right to due process. There was no injured party! No judge to be found. Joseph Madrid was the init[i]al judge . . . there was no reason to break my window. Three officers/men removed me from my property and accused me of resisting arrest both times. . . . cuts & bruises on wrists from handcuffs . . . still have pain . . . endangered passenger in patrol car – drove off the road going to TA in handcuffs.

*Id.* at 3. And with regard to the individually named Defendants, the Amended Complaint includes the following allegations: regarding Defendant Atencio, the Amended Complaint states, "The court has been put on notice of my status and that all matters must be heard in an Article 3 court," Doc. 5 at 11; regarding Defendant Carmack-Altwies, the Amended Complaint states, "Acting as authority to press charges . . . I have hand delivered and certified mail notice of my status. Requesting an Article 3 court & warning of violation under the color of law," *id.* at 13; regarding Defendant Sanchez, the Amended Complaint states, "I verbally and had written warning not to violate my rights under the color of law 18 USC 242 & also stated UCC 1-308 & was ignored . . . restrained me, detained and arrested me . . . I don't remember the names of the other 4-6 officers trespassing on my property before they kidnapped me," *id.* at 14; regarding Defendant Madrid, the Amended Complaint states that Madrid "violated/denied my right to a speedy trial violation of my right to due process . . . refused to see me, the second incarceration. Violated my rights under the color of law 18 USC 241 & 242," *id.* at 15; regarding Defendant Booker, the Amended Complaint states that Booker "has been put on notice of my status and failed to inform his officers on how to behave under the color of law," *id.* at 16; regarding Defendant Lujan, the Amended Complaint states, "I gave him written warning of violation under the color of law I have video . . . Traffic stop

3

right to travel impeded due to false warrant. Destruction of property. Denied my rights. Assaulted me. Kidnapped and incarcerated me," *id.* at 17; regarding Defendant Trujillo, the Amended Complaint states, "I gave him written warning of violat[i]on under the color of law. I have video . . . I stated my right to travel and was informed of a false warrant. He continued to deny my rights then destructed my property to get to me and assault me, kidnap [sic] and continue to threaten me," *id.* at 18; regarding Defendant Chama, the Amended Complaint states, "I gave Officer Chama written warning that I was being violated under the color of law . . . Impede my right to travel. Traffic stop I stated my right to travel. Officer continued to deny my rights under the color of law. Unlawful behavior. Assault. Kidnap. Incarceration," *id.* at 19; and regarding Defendant Archuleta, the Amended Complaint states, "I verbally warned her that she was violating me under the color of law . . . She was at the office when Officer Chama took me to use the restroom. They all tried to intimidate me. I warned them to take me to a judge that my right to due process was being violated under the color of law. *Id.*

The law is clear that "conclusory allegations without supporting factual averments," such as those made in the Amended Complaint, "are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the Amended Complaint contains allegations specific to each Defendant, none of those allegations describes specific actions taken by each Defendant that resulted in a constitutionally cognizable harm. Accordingly, the allegations do not "include[] facts from which [the court] may reasonably infer" the individual Defendants' liability. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). And in the absence of such factual allegations, the Amended Complaint fails to state a claim upon which relief can be granted. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint

must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

Along with her Amended Complaint, Plaintiff submitted 28 pages of documents, and later filed a Notice with 22 pages of documents. Doc. 6. But none of these supplemental documents are determinative of whether Plaintiff has stated a claim upon which relief can be granted. Indeed, the Court may not consider those supplemental documents in determining the sufficiency of the Amended Complaint. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 F. App'x 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). While the Court may consider documents supplementing a complaint or amended complaint at a later stage in a case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, any information in the supplemental documents that forms a basis for Plaintiff's claims must be set forth in allegations in an amended complaint.

The Court dismisses this case without prejudice because the Amended Complaint fails to state a claim upon which relief can be granted.

**IT IS ORDERED** that:

(i)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 1, 2024, is **GRANTED.**

(ii)  This case is **DISMISSED without prejudice.**

5

Dated this 27th day of March, 2024.

_____
**MARTHA VAZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**